MERIDIAN HIGHWAY BRIDGE CO., Respondent, v. PARIS
et al, Appellant.

(222 N. W. 680.)

(File No. 6040.   Opinion filed December 31, 1928.)

*Harry Kunkle, Lee H. Cope,* and *Clark & Henderson,* all of Yankton, for Appellants.

*Harry A. Robinson,* of Yankton, for Respondent.

POLLEY, J. Plaintiff, the Meridian Highway Bridge Company, is a corporation organized, as stated in its articles of incorporation, "to construct, own, maintain, operate, lease and sell a bridge across the Missouri River at or near Yankton, South Dakota; to purchase, own, lease and sell real estate that may be needed for the purpose of said bridge." Defendants subscribed for some of the capital stock of said bridge company. After making several payments on their subscription, they defaulted, and this action was commenced for the collection of the balance due on said capital stock. In their answer, defendants set out the following alleged defense:

(1) "That the plaintiff has failed to comply with the provisions of Sections 9831 to 9837, inclusive, of the Revised Code of 1919, in reference to bridge corporations, and further allege that the plaintiff has failed to specify in its articles of such incorporation, the place where such bridge is to be built, and over which stream, and has failed to obtain the consent of Boards of County Commissioners of the County of Yankton, in the State of South Dakota, and of the County of Cedar in the State of Nebraska, and that the said plaintiff has failed to file a certified copy of its articles of incorporation in the office of the Register of Deeds of the County of Yankton, State of South Dakota, or the County of Cedar in the State of Nebraska."

(2) "Defendants further allege that if such corporation ever existed, it ceased to exist as a body corporate for failing to file within six months after the issue of its certificate of incorporation authority from the Board or Boards of County Commissioners, as mentioned in Section 9832 of the Revised Code of 1919, of the State of South Dakota;" and

(3) "The defendants further allege that the plaintiff failed to commence the construction of its bridge and actually expend thereon at least ten per cent of its capital stock within one year after the six months from the date of the issue of its certificate of incorporation, and the defendants further allege that the plaintiff failed to comply with Section 9833 of the Revised Code of 1919

of the State of South Dakota, in paragraph two, in that it failed to complete the bridge within three years after the issue of such certificate of incorporation, if such certificate was issued."

Plaintiff demurred to this answer on the ground that it does not state facts sufficient to constitute a defense. The demurrer was sustained, and defendants appeal.

It appears to be the contention of defendants, first, that plaintiff was never organized so as to become a legally existing corporation; or, second, if ever legally organized, its charter has lapsed for failure to fulfill the provisions of its charter.

■ The first proposition is without merit because defendants, having recognized plaintiff as a corporation by subscribing for its capital stock and making payments thereon, are estopped from questioning plaintiff's corporate existence by the provisions of section 239, R. C. 1919. Building & Loan Association v. Chamberlain, 4 S. D. 271, 56 N. W. 897; 14 C. J. § 271, and cases cited.

■ ■ Under defendants' second proposition, they contend that plaintiff has not complied with the provisions of sections 9831 to 9837, inclusive, relating to bridge corporations. Plaintiff does not appear to have been organized under this law, and we know of no law that prohibits a corporation organized under the general incorporation law from building and operating a bridge, especially an interstate bridge as this one is. But, if plaintiff is not complying with the law, the proper way to inquire into the matter is by an action brought for that purpose by the proper authority, and not as a collateral matter in an action of this kind. Section 239, R. C. 1919.

The order appealed from is affirmed.

BURCH, P. J., and SHERWOOD, CAMPBELL, and BROWN, JJ., concur.